```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

In re: National Century         :   Case No. 2:06-cv-25
Financial Enterprises,
Inc., et al.,                   :   JUDGE GRAHAM

      Debtors                   :   Chapter 11

                                    :   Judge Calhoun
                                    (Case No. 02-65235)
_____

Amedisys, Inc., et al.,         :

      Appellants,               :

                                :

   vs.                              Adv. Pro. No. 02-2576
                                :
JP Morgan Chase Manhattan
Bank, as Trustees, et al.,      :

      Appellees.                :

<u>ORDER</u>

This matter is before the Court on the motions of Appellees National Century Financial Enterprises, Inc. and JP Morgan Chase Bank N.A. to strike the merits brief of Appellant Amedisys, Inc. Appellees argue that Amedisys's 68-page brief violates Bankruptcy Rule 8010(c), which imposes a 50-page limit on such briefs. Bankruptcy Rule 8010(c) provides:

> Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and

>any addendum containing statutes, rules, regulations, or similar material.

Fed. R. Bankr. P. 8010(c).

In response to the motions to strike, Amedisys argues that Bankruptcy Rule 8010(c) is modified by Southern District of Ohio Local Civil Rule 7.2(a)(3), which imposes a 20-page limit on briefs. Rule 7.2(a)(3) allows briefs to exceed 20 pages when accompanied by a combined table of contents and summary of arguments. Amedisys alleges that it has complied with the local rule's requirements for submitting a brief in excess of 20 pages.

Local Civil Rule 7.2(a)(3) has no application here because any amendment to Federal Bankruptcy Rule 8010(c) would have to be accomplished through the Local Bankruptcy Rules, not the Local Civil Rules. According to Federal Bankruptcy Rule 9029(a)(1), each district court may make or amend rules (consistent with the Bankruptcy Code) governing the practice and procedure within the court's bankruptcy jurisdiction, and such rules "shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States." Fed. R. Bankr. P. 9029(a)(1).

This district has enacted Local Bankruptcy Rules, and each rule corresponds with the numbering system of the Federal Bankruptcy Rules. Local Bankruptcy Rule 8010 is currently designated as "Reserved." Thus, the Court finds that Federal Bankruptcy Rule 8010(c)'s 50-page limit on appellate briefs has not been modified by local rule. The Court further finds that Amedisys's 68-page brief, excluding tables of contents and authorities, violates Bankruptcy Rule 8010(c).

Amedisys requests that it be given retroactive leave to file its brief. Without further explanation, Amedisys claims that the

issues in this appeal are complex.

The Court finds that Amedisys has not demonstrated good cause for exceeding the 50-page limit of Bankruptcy Rule 8010(c).  The Court, having adjudicated over twenty bankruptcy matters stemming from National Century bankruptcy proceedings, recognizes the general complexity involved.  However, Amedisys has stated no reason why its appeal is any more complicated than the others, particularly when none of the parties in those other bankruptcy matters sought leave to exceed the 50-page limit.

Amedisys is appealing an adverse ruling by the bankruptcy court granting summary judgment to JP Morgan and National Century in an adversary proceeding brought by Amedisys.  See May 27, 2004 Order.  In its complaint, Amedisys claimed that National Century and JP Morgan wrongly kept $7.3 million that allegedly belonged to Amedisys.  The complaint asserted claims for breach of fiduciary duty, express trust, constructive trust, turnover, and conversion.  Upon review of the bankruptcy court's May 27, 2004 Order and Amedisys's statement of the issues on appeal, the Court finds that the issues are not so complex as to warrant briefs in excess of 50 pages.

Accordingly, National Century's April 3, 2006 motion to strike (doc. 12) and JP Morgan's Aril 4, 2006 motion to strike (doc. 13) are GRANTED.  Amedisys is ordered to file its merits brief within seven (7) days of the date of this Order.

        s/ James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: April 21, 2006